*Compiler of Law / Law Library*

**IN THE SUPERIOR COURT
OF GUAM**

PEOPLE OF GUAM,                    )        Criminal Case No. CF0310-06
                                   )
             Plaintiff,            )
                                   )
     v.                            )        **DECISION AND ORDER**
                                   )        re: waiving Defendant's presence at the
LUIS G. SEAGRAVES, JR., et al.,    )        motion to suppress hearing
                                   )
             Defendants.           )
_____)

This matter came before the Honorable Judge Michael J. Bordallo on September 3, 2009. The People were represented by Assistant Attorney General David Rivera. Defendant Seagraves was represented by Attorney Peter C. Perez. Having reviewed the memorandum and papers presented, the court now issues the following Decision and Order.

## BACKGROUND

This matter arises out of a July 27, 2006, indictment, charging the Defendant with: (1) Conspiracy to Commit Aggravated Murder (As a 1st Degree Felony); (2) Aggravated Murder (As a 1st Degree Felony) with Special Allegations; (3) Conspiracy to Commit Aggravated Murder (As a 1st Degree Felony); (4) Aggravated Murder (As a 1st Degree Felony) with Special Allegations; and (5) First Degree Robbery (As a 1st Degree Felony).

## DISCUSSION

At the September 3, 2009 hearing, Defendant through his attorney requested that he be allowed to waive his presence the October 22, 2009 suppression hearing. The court ordered that the Defendant provide the court with legal authority for waiving the Defendant's presence by September 18, 2009 and ordered that the People file a memorandum stating its position concerning whether it opposed the proposed waiver. On September 18, 2009 the Defendant filed a three-page memorandum entitled, "Defendant's Brief Re: Whether

Defendant can waive his presence at the hearing on a motion to suppress." *Mem.* at 1. In his memorandum Defendant first cites to Section 1.13 of Title 8 of the Guam Code and then cites to several other jurisdictions who have interpreted similar statutes and allowed a waiver. *Id.* at 1-3. The People have not filed a memorandum stating their position.

Section 1.13 of Title 8 of the Guam Code regulates when the presence of the defendant in a criminal case is mandatory and when a defendant need not be present. 8 Guam Code Ann. §1.13 (2009). On it face Section 1.13 clearly requires that a defendant be present at the arraignment and at the initial commencement of the trial, including impaneling the jury. *Id.* However, despite this clarity, Section 1.13 does not plainly regulate whether a defendant's presence at a suppression hearing is mandatory; it being less than a trial and more than a conference or argument upon a question of law. *Id.* at (c)(3).

Interpreting the similarly worded Federal Rule of Criminal Procedure 43, the 2nd Circuit has held that although Defendant has the right to be present at a suppression hearing, he may waive that right. *U.S. v. Dalli,* 424 F.2d 45, 48 (2nd Cir. 1970). More recently in 2005, the Supreme Judicial Court of Massachusetts, analyzing the issue of what actions would justify a finding that a defendant had voluntarily waived his right to be present at a suppression hearing, the court cited to the 2nd Circuit and made similar findings. *Robinson v. Com.,* 837 N.E.2d 241, 287-89 (Mass. 2005). This court is persuaded by the findings of the 2nd Circuit and the Massachusetts Supreme Court.

Suppression hearings are more like a trial and less like, "a conference or argument upon a question of law." 8 Guam Code Ann. §1.13 (2009). Because of this, a suppression hearing seems more likely to implicate a defendant's Constitutional and Organic rights, specifically the Sixth Amendment right to confront one's accusers. Therefore any waiver therefore must include a sufficient amount of facts to support the courts findings of notice,

voluntariness and awareness of the defendant's rights and their specific waiver. *Id.*; *Dalli,* 424 F.2d 45, 48; *Robinson,* 837 N.E.2d 241, 287-89.

## CONCLUSION

For the reasons above the court orders that upon submission of an affidavit outlining the requirements of notice, voluntariness, and awareness and absent an objection showing prejudice or material harm by the People, the Defendant may be allowed to waive his presence at the upcoming suppression hearing.

SO ORDERED this 2 day of September 2009.

_____
Honorable Michael J. Bordallo
Judge, Superior Court of Guam



I do hereby certify that the foregoing ... and correct copy of the ... in the office of the ... of Guam.

OCT 02 2009

_____ K. Borja
Deputy Clerk, Superior Court of Guam

Page -3-